IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VAL ZAVALA, Personal Representative
of the estate of Jack Murrison,
deceased,                                          Civ No. 05-6308-AA

        Plaintiff,                                 OPINION AND ORDER

    v.

TRANS-SYSTEM, INC., an Indiana
corporation, and TRUSTEED PLANS
SERVICE CORPORATION, a Washington
corporation,

        Defendants.
_____

Richard E. Slezak
Churchill, Leonard, Lodine & Hendrie LLP
P.O. Box 804
Salem, Oregon 97308
    Attorney for plaintiff


1 - OPINION AND ORDER

Katherine S. Somervell
Bullivant Houser Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089

Randall P. Sutton
Saalfeld Griggs PC
250 Church Street SE, Suite 300
P.O. Box 470
Salem, Oregon 97308

G. Perrin Walker
Vandeberg Johnson & Gandara
1201 Pacific Avenue, Suite 1900
P.O. Box 1315
Tacoma, Washington 98401-1315
     Attorneys for defendants

AIKEN, Judge:

     Plaintiff Val Zavala, personal representative of the estate of
Jack Murrison, deceased, filed suit against defendants Trans-
System, Inc., (Trans-System) and Trusteed Plans Service Corporation
(TPSC) alleging multiple claims.  Against TPSC, plaintiff alleges
misrepresentation/fraud, negligent misrepresentation, interference
with contract, negligence, and wrongful death.  Against Trans-
System, plaintiff alleges vicarious liability for alleged wrongs
committed by TPSC, and a claim for denial of health benefits under
the Employee Retirement Income Security Act of 1974 (ERISA), 29
U.S.C. § 1001 *et seq*.  Plaintiff seeks economic and noneconomic
damages, punitive damages, restitution, and equitable relief under
ERISA.  Defendants move to dismiss plaintiff's claims under Fed. R.
Civ. P. 12(b)(6) for failure to state a claim upon which relief may
be granted.

///

2 - OPINION AND ORDER

FACTS

The following facts are alleged in plaintiff's Amended Complaint.

Plaintiff is the personal representative of the estate of Jack Murrison. Mr. Murrison was an employee of Trans-System and a participant in Trans-System's employee health benefit plan. Trans-System is the plan sponsor, named fiduciary, and administrator of the health insurance plan known as Trans-System Inc. Health Care Benefits Plan (the Plan). TPSC is the claims administrator.

In 2001, Mr. Murrison was diagnosed with non-Hodgkin's lymphoma, a form of cancer. In 2003, he filed a claim with TPSC for an allogeneic peripheral blood stem cell transplant. On July 31, 2003, TPSC denied the claim on the basis that it was not covered under the plan unless it was accompanied by a mandatory second opinion. On September 19, 2003, TPSC wrote a letter to Mr. Murrison stating that the second opinion had been received and that his claim for the transplant had been authorized.

On November 26, 2003, TPSC wrote another letter to Mr. Murrison stating that "[w]e recently received information that could change our ability to authorize your Allogeneic stem cell transplant. We have met with resistance from the reinsurance carrier and will have to do some additional investigation before we can authorize the procedure. We regret the need for this delay and we will have a final decision soon." Plaintiff's Amended Complaint, ¶ 14.

On July 25, 2004, Mr. Murrison died from non-Hodgkin's

3 - OPINION AND ORDER

lymphoma without having received the stem cell transplant.

STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiff can prove no set of facts in support of the alleged claim that would entitle the plaintiff to relief. Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). For the purpose of a motion to dismiss, a complaint is liberally construed in favor of the plaintiff, and its allegations are taken as true. Lee v. County of Los Angeles, 240 F.3d 754, 764 (9th Cir. 2001).

DISCUSSION

Defendants argue that plaintiff's state law claims are preempted by ERISA because they arise under and relate to the Plan. Further, defendants argue that all claims of plaintiff must be dismissed because they are not cognizable under the remedial scheme established by ERISA.

In response, plaintiff argues that her state law claims do not "relate to" the Plan, but rather arise under duties owed to Mr. Murrison pursuant to the Oregon Insurance Code. Further, plaintiff argues that ERISA does not preempt state law claims against non-fiduciaries, and that TPSC is not a fiduciary for purposes of ERISA. Finally, plaintiff argues that §§ 502(a)(1)(B) and (a)(3) of ERISA authorize restitution, back pay, front pay, prejudgment interest, attorney fees, and some form of "make whole" equitable relief, and therefore dismissal of plaintiff's claims is not appropriate at this stage of the proceedings.

4 - OPINION AND ORDER

A.   ERISA Preemption of Plaintiff's State Law Claims

     "ERISA's preemption clause is deliberately expansive, and contains one of the broadest preemption clauses ever enacted by Congress." Spain v. Aetna Life Ins. Co., 11 F.3d 129, 131 (9th Cir. 1993) (internal citations omitted).  The statutory language explicitly states that the provisions of ERISA shall "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title."  29 U.S.C. § 1144(a).  Thus, if plaintiff's state law claims relate to the Plan, they are preempted by ERISA.

     Generally speaking, a common law claim "relates to" an employee benefit plan governed by ERISA "if it has a connection with or reference to such a plan." Providence Health Plan v. McDowell, 385 F.3d 1168, 1172 (9th. Cir. 2004); see also Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group, Inc., 187 F.3d 1045, 1052 (9th Cir. 1999).  Accordingly, the "Supreme Court has held that ERISA preempts state common law tort and contract causes of action asserting improper processing of a claim for benefits under an insured employee benefit plan." Bast v. Prudential Ins. Co. of America, 150 F.3d 1003, 1007 (9th Cir. 1998) (citing Pilot v. Dedeaux, 481 U.S. 41, 57 (1987)); see also Elliot v. Fortis Benefits Ins. Co., 337 F.3d 1138, 1147 (9th Cir. 2003) (an action "which seeks non-ERISA damages for what are essentially claim processing causes of action, clearly falls under the § 1132 preemption . . . ").

Likewise, the Ninth Circuit has found various state law claims preempted by ERISA where the underlying claim for relief is premised on a denial of benefits under an ERISA plan or where the relationship between the parties is otherwise governed by ERISA. See e.g., Elliott, 337 F.3d at 1147 (statutory bad faith); Aetna Life Ins. Co. v. Bayona, 223 F.3d 1030, 1034 (9th Cir. 2000) (breach of contract, fraud, and tortious breach of the covenant of good faith and fair dealing); Farr v. U.S. West Commc'ns, Inc., 151 F.3d 908, 913 (9th Cir. 1998), amended on other grounds, 179 F.3d 1252 (9th Cir. 1999) (negligent misrepresentation); Spain, 11 F.3d at 132 (wrongful death); Lea v. Republic Airlines, 903 F.2d 624, 632-33 (9th Cir. 1990) (negligence).

Here, plaintiff alleges state law claims of fraud, negligence, and wrongful death as a result of defendants' denial of Plan benefits for Mr. Murrison's stem cell transplant. Thus, plaintiff's claims arise directly from the denial of Mr. Murrison's request for benefits, pursuant to terms of the Plan. But for the duties owed to Mr. Murrison by TPSC and Trans-System pursuant to the Plan, plaintiff would have no causes of action against the defendants. Therefore, a sufficient reference exists to support preemption. See California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc., 519 U.S. 316, 324-25 (1997) (in evaluating whether common law claim relates to plan governed by ERISA, court looks to whether claim is premised on existence of ERISA plan, and whether existence of plan is essential to claim's survival).

6 - OPINION AND ORDER

The Ninth Circuit addressed similar facts in Bast. There, survivors of an employee benefit plan participant filed suit against the plan administrator, alleging various state law and ERISA causes of action arising from an alleged bad faith refusal to authorize an autologous bone marrow transplant procedure. Bast, 150 F.3d at 1005-06. As plaintiff does here, the Basts asserted that their state law claims were not preempted by ERISA; rather, they argued that they were not suing Prudential as the plan administrator but as an insurance company doing business in Washington. Id. at 1008. Rejecting the Basts' characterization of their state law claims, the court concluded: "The Basts' claims against Prudential arise out of Prudential's actions as the benefit plan administrator, not as an insurance company or insurance provider . . . . The key issue is whether the parties' relationships are ERISA-governed relationships." Id. (quoting Geweke Ford v. St. Joseph's Omni Preferred Care Inc., 130 F.3d 1355, 1358 (9th Cir. 1997)). Likewise, plaintiff's state law claims arise out of defendants' actions as the Plan's administrators.

Plaintiff attempts to avoid this conclusion in a variety of ways. First, plaintiff argues that the duties imposed on TPSC and Trans-System derive from the Oregon Insurance Code rather than from the Plan. However, this is exactly the position taken by the plaintiffs in Bast. The Ninth Circuit rejected that argument, holding that the "Basts' claims against Prudential arise out of Prudential's actions as the benefit plan administrator, not as an

insurance company or insurance provider." <u>Bast</u>, 150 F.3d at 1008.

Further, under ERISA, employee benefit plans are not to be "deemed" insurance companies "for purposes of any law of any state purporting to regulate insurance or insurance contracts." 29 U.S.C. § 1144(b)(2)(B). "State laws that directly regulate insurance . . . do not reach self-funded employee benefit plans because the plans may not be deemed to be insurance companies." <u>FMC v. Holliday</u>, 498 U.S. 52, 61 (1990); <u>see</u> <u>also</u> <u>PM Group Life Ins. Co. v. Western Growers Assurance Trust</u>, 953 F.2d 543, 545 (9th Cir. 1992) ("[S]tate insurance regulation of insured plans is permissible, but state insurance regulation of self-funded plans is preempted."). Because the Plan is a self-funded ERISA plan, it is exempt from state laws purporting to regulate insurance, and plaintiff's argument that defendants had an independent duty to abide by provisions set forth in the Oregon Insurance Code does not defeat preemption.

Second, plaintiff argues that TPSC did not specifically deny benefits to Mr. Murrison, and therefore, unlike <u>Bast</u>, plaintiff is not contesting a denial of Plan benefits. However, the November 26, 2003 letter sent by TPSC to Mr. Murrison states that "[w]e have met with resistance from the reinsurance carrier and will have to do some additional investigation before we can authorize the procedure." Plaintiff's Amended Complaint, ¶ 14. Thus, TPSC effectively denied benefits to Mr. Murrison. Even if the court construed TPSC's letter as neither approving nor denying Mr. Murrison's request for benefits, plaintiff's argument that

8 - OPINION AND ORDER

defendants failed to approve or deny Mr. Murrison's claim for benefits in a timely manner is unavailing. Under ERISA, a plan participant may file a civil action to enforce or clarify rights to benefits under the terms of the Plan. See 29 U.S.C. § 1132(a)(1)(B); Henderson v. Bodine Aluminum, Inc., 70 F.3d 958, 962 (8th Cir. 1995) (patients seeking treatment for life-threatening illnesses are not required to exhaust contractual or administrative procedures before filing suit to compel coverage under ERISA health plan); White v. Caterpillar, Inc., 765 F. Supp. 1418, 1423 (W.D. Mo. 1991) (ERISA plan participant was entitled to injunctive relief ordering coverage for autologous bone marrow treatment of cancer in light of showing that denial of coverage would likely result in employee's death).

Third, plaintiff cites to Providence Health Plan v. McDowell, 385 F.3d 1168 (2004) to support the argument that her state law claims are not preempted by ERISA, because such claims neither require interpretation of the Plan nor dictate distribution of benefits under the Plan. Plaintiff's Response, p. 4. In McDowell, Providence sought reimbursement of benefits from proceeds the insured had received from a third party in settlement of a personal injury action. The Ninth Circuit reversed the district court's ruling that ERISA preemption applied, finding that the claim for reimbursement was brought under a state breach of contract theory to collect reimbursement of benefits owed to Providence. Id. at 1172. The court explained that "[a]djudication of [Providence's] claim does not require interpreting the plan or dictate any sort of

distribution of benefits.  Providence has already paid ERISA benefits on behalf of the McDowells, and they are not disputing the correctness of the benefits paid."  Id.

Plaintiff argues that, as in McDowell, the state law causes of action alleged do not require the interpretation of the Plan or the distribution of Plan benefits if plaintiff prevails; rather, plaintiff seeks damages for defendant's allegedly wrongful conduct. I disagree.  As alleged, plaintiff's claims arise from TPSC's interpretation of the Plan and its decision to deny benefits to Mr. Murrison pending additional information, claims that Mr. Murrison could have brought against defendants.  See Aetna Health, Inc., v. Davila, 542 U.S. 200, 210 (2004) (if an individual could have brought a claim under ERISA and no other independent legal duty is implicated by a defendant's actions, "the individual's cause of action is completely pre-empted by ERISA").  Furthermore, the facts of McDowell are distinguishable.  Unlike McDowell, plaintiff seeks damages resulting from a denial of benefits under the terms of the Plan, rather than reimbursement of benefits already paid.

Finally, plaintiff argues that ERISA does not preempt the state law claims alleged against TPSC, because TPSC is not a fiduciary under the Plan.  Specifically, plaintiff argues that TPSC lacked discretion under the ERISA plan, because its duties were merely ministerial.  Again citing to McDowell, plaintiff argues that the alleged wrongful acts of TPSC thus result from "duties owed the participant by TPSC independent of the plan." Plaintiff's Response, p. 4.

10 - OPINION AND ORDER

Regardless of whether TPSC's duties are ministerial or discretionary, plaintiff's claims against TPSC are premised on the existence of the Plan, and the Plan is essential to plaintiff's claim's. <u>McDowell</u>, 385 F.3d at 1172. Thus, despite plaintiff's efforts to recharacterize her claims against TPSC, each of plaintiff's state law claims "relates to" the Plan.

Furthermore, plaintiff's allegations against TPSC belie her assertion that TPSC's duties owed to plaintiff were independent of the Plan. For example, plaintiff alleges that "[a]s a result of [TPSC's] conduct, Mr. Murrison was denied rights under the Plan, including the [stem cell] transplant or his right to appeal a denial or the delay of his claim," and that "[TPSC] interfered with the authorization or adjudication of Mr. Murrison's claim under the Plan." Amended Complaint, ¶¶ 25, 31. Thus, plaintiff's claims against TPSC and Trans-System arise under the Plan and are preempted by ERISA.

B.  <u>Remedies Available under § 502(a) of ERISA</u>

Defendants next argue that preemption of plaintiff's state law claims requires that they be dismissed along with plaintiff's ERISA claims, because the relief plaintiff seeks is not cognizable under ERISA. Plaintiff responds that ERISA authorizes restitution under § 502(a)(1)(B) and equitable relief under § 502(a)(3) in the form of back pay, front pay, attorney fees, and some form of "make whole" relief. However, ERISA's remedial framework does not provide the relief plaintiff seeks.

Section 502(a)(1)(B) of ERISA provides that a plan

11 - OPINION AND ORDER

participant may file a civil action "to recover benefits due to him under the terms of his plan, enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiff asserts that "recovery of benefits" provides restitution for the monetary value of the "benefits unjustly accrued to either or both defendants" by their denial of benefits for Mr. Murrison's treatment. Plaintiff's Supplemental Response, p. 3. In other words, plaintiff seeks to recover the monetary value of the treatment for which benefits were denied. However, plaintiff fails to explain how § 502(a)(1)(B) can be interpreted to provide monetary relief, rather than an injunction requiring the authorization of benefits. Plaintiff cites no case law to support the novel proposition that § 502(a)(1)(B) provides this form of relief.

Plaintiff also seeks relief pursuant to § 502(a)(3), which authorizes a plan participant to file suit "to enjoin any act or practice which violates any provision of this subchapter or the terms of this plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). However, ERISA's equitable remedies simply do not allow for monetary relief in the form of compensation damages. In Mertens v. Hewitt Associates, 508 U.S. 248 (1993), the Supreme Court held that the term "equitable relief" in § 502(a)(3) "refer[s] to those categories of relief that were *typically* available in equity (such

12 - OPINION AND ORDER

as injunction, mandamus, and restitution, but not compensatory damages)." Id. at 256-57. Likewise, in Bast, the Ninth Circuit denied recovery of monetary damages under § 502(a)(3), holding that "equitable relief in the form of the recovery of compensatory damages is not an available remedy under § 502(a)(3)." Bast, 150 F.3d at 1010 (quoting McLeod v. Oregon Lithoprint Inc., 102 F.3d 376, 378 (9th Cir. 1996)). Here, plaintiff seeks compensatory and punitive damages, both of which are classic legal remedies and therefore unavailable under ERISA's remedial scheme.

Plaintiff nonetheless invites the court to consider whether equitable relief under § 502(a)(3) includes "some form of 'make whole' relief . . . which [has] been historically available against a breaching fiduciary to redress a breach of trust." Plaintiff's Response, p. 8. Plaintiff relies on the United States Department of Labor's (DOL) amicus brief to the Supreme Court in Cigna Healthcare of Texas, Inc. v. Davila, 542 U.S. 200, 222 (2004), in which the DOL argued that ERISA "may allo[w] at least some forms of 'make whole' relief against a breaching fiduciary in light of the general availability of such relief in equity at the time of the divided bench." DOL Amicus Brief, 2003 WL 23011479 at *27, n. 13. Justice Ginsburg, in her concurring opinion, stated that the "Government's suggestion may indicate an effective remedy others similarly circumstanced might fruitfully pursue." Id. at 224, (Ginsberg, J., concurring). However, the DOL's proposal has never been followed, and the Ninth Circuit, in fact, has specifically declined to overrule its precedent to the contrary. See Mathews v.

13 - OPINION AND ORDER

Chevron, 362 F.3d 1172, 1187 (9th Cir. 2004).

In sum, because plaintiff seeks compensation for an alleged breach of fiduciary duty by TPSC and Trans-System, she seeks legal remedies that are not provided under § 502(a)(3).  Therefore, I find that plaintiff's desired remedy is unavailable, and her claims must be dismissed.  "Unfortunately, without action by Congress, there is nothing we can do to help [plaintiff] and others who may find themselves in this same unfortunate situation." Bast, 150 F.3d at 1011.

CONCLUSION

For the foregoing reasons, defendants' Motions to Dismiss (docs. 10, 13) are GRANTED.  This case is dismissed.
IT IS SO ORDERED.

Dated this __4__ day of April, 2006.


                              _____/s/ Ann Aiken_____
                                   Ann Aiken
                         United States District Judge

14 - OPINION AND ORDER